**JOSEPH W. CHARLES, P.C.**
**5704 West Palmaire Avenue**
**P.O. Box 1737**
**Glendale, Arizona 85311-1737**
**Tel: (623) 939-6546**
**Fax: (623) 939-6718**
**Email: LawOffice@joecharles.com**

Joseph W. Charles
State Bar #003038
Attorneys for Debtor/Plaintiff

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| In re:<br><br>WILLIAM McCAFFREY,<br><br>              Debtor.<br>_____<br>WILLIAM McCAFFREY,<br><br>              Plaintiff,<br>vs.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee of Residential Asset Securitization Trust Series 2004-1 under the Pooling and Servicing agreement dated February 1, 2004, its assignees and/or successors,<br><br>              Defendant. | Chapter 13 Proceedings<br><br>Case No. 2:09-bk-20635-SSC<br><br>Adversary No. 2:10-ap-01121-SSC<br><br>**PETITION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**<br><br>RE:  Real Property Located at<br>       8335 East Sutton Drive<br>       Scottsdale, AZ 85260 |

     COMES NOW the Debtor/Plaintiff, William McCaffrey, by and through counsel undersigned and moves for a temporary restraining order and a preliminary injunction enjoining Defendant, Deutsche Bank National Trust Company ("Deutsche Bank") from conducting a Trustee's Sale unless and until such time that the Defendant can establish

- 1 -

to this Court that they are qualified to act and exercise the powers and remedies of the Trustee and Beneficiary pursuant to A.R.S. § 33-801 et seq.

This Application is supported by the following Memorandum of Points and Authorities, the attached Affidavits of William McCaffrey and Mark Fitzpatrick, and a copy of the Note are attached as Exhibits A, B and C, respectively.

**I.   Introduction.**

In an attempt to negotiate a loan modification, the Plaintiff was told by the servicer that he was to stop making mortgage payments. Plaintiff stopped the payments, but was given a Notice of Trustee's Sale rather than a loan modification. During the Chapter 13 proceedings initiated by plaintiff to save his home, the lender was awarded relief from the automatic stay.

The Court may have been left without a choice on the question of whether the stay should be lifted due to the limited issues presented, but new evidence and a closer look shows that Deutsche Bank presented fraudulent documents. The note presented to the Court was materially different than the original presented to the Plaintiff and the assignment of the Note, as filed in these proceedings, is dated after IndyMac Bank was no longer in existence.

Based on the fraudulent and misleading evidence presented to the Court, a temporary restraining order and preliminary injunction is required to prevent the impending Trustee's Sale.

**II.   Statement of Facts.**

1.   Plaintiff is the owner of real property within the jurisdiction of this Court located at 8335 East Sutton Drive, Scottsdale, AZ 85260.

2. The property was purchased on August 25, 2003.

3. IndyMac Bank was the original lender on the loan.

4. Plaintiff sought to modify the loan. See Exhibit A attached.

5. Plaintiff was told to stop making payments in order to proceed with the modification process. See Exhibit A attached.

6. After several months of non-payment as instructed, Plaintiff was presented with a Notice of Trustee's Sale notification rather than a loan modification. See Exhibit A attached.

7. The Notice of Trustee Sale listed IndyMac Bank as the beneficiary. A copy of the Notice of Trustee Sale is attached hereto as Exhibit D.

8. Plaintiff was forced to file his Chapter 13 bankruptcy petition to save his home from foreclosure. See Exhibit A attached.

9. During the ongoing Chapter 13 bankruptcy process, Deutsche Bank filed a Motion for Relief from the Automatic Stay.

10. The attachments to the Motion were identical to the Proof of Claim attachments filed by OneWest Bank, FSB. A copy is attached hereto as Exhibit E.

11. The attachments included what was purported to be a true copy of the original Note.

12. During the hearing on the Defendant's Motion, the Court granted the Motion, but required the Defendant to make the original Note available to the Plaintiff for inspection.

13. When Plaintiff inspected the original Note, he discovered that it was different than the Note presented to the Court as a true and correct copy. See Exhibit A attached.

14. Plaintiff noticed a striking color difference between the Note and the purported assignment. The original Note was clearly aged and had turned a manila color, whereas the assignment was perfectly white (as if new). Also, the purported assignment had no identifying marks on it such as a loan number, date, or name. See Exhibit C attached.

15. Plaintiff also noticed that the Note submitted to the Court had correction fluid (white-out) on it. See Exhibit A attached.

16. The documents attached to the Proof of Claim and Motion for Relief from the Automatic Stay also included a transfer from IndyMac to Deutsche Bank, but IndyMac Bank did not exist on October 13, 2009 and could therefore not possibly have transferred the interest to Deutsche Bank.

17. Mark Fitzpatrick is the individual who was purported to have executed the assignment on the portion of the Note withheld from the Court. See Exhibit C attached.

18. Upon reviewing a copy of the original Note, Mr. Fitzpatrick concluded in his Affidavit that he would not have executed the Assignment in such a manner. See Exhibit B attached.

19. Without an order from this Court, the Debtor's house will be sold at Trustee's Sale on June 22, 2010.

20. The Trustee's sale lists IndyMac as the beneficiary; but Deutsche Bank is the party who had the stay lifted and is seeking the sale. See Exhibit D attached.

**III. Legal Argument.**

A Trustee's Sale is a statutory remedy provided to beneficiaries pursuant to a Deed of Trust.

A.R.S. § 33-801 et seq., a "beneficiary" of a Deed of Trust is defined by A.R.S. § 33-801(1):

"Beneficiary" means the person named or otherwise designated in a Trust Deed as the person for whose benefit a Trust Deed is given, or the person's successor in interest.

There is no Assignment of Deed of Trust recorded in Maricopa County identifying the current purported lender and owner of the Plaintiff's mortgage, Deutsche Bank National Trust Company ("Deutsche Bank"), as the beneficiary of the Plaintiff's mortgage. The Plaintiff has or will file a Complaint to determine the extent, validity or priority of the purported Deutsche Bank lien and this Petition for Temporary Restraining Order and Preliminary Injunction to preclude the Defendants, Quality Loan Service Corporation, IndyMac FSB, and/or Deutsche Bank from conducting a Trustee's Sale, until such time as the authenticity of the documents in these proceedings can be determined and the issues of who is the real party in interest, and who has prudential and constitutional standing can be examined.

Preliminary injunctions are appropriate where there is (1) a strong likelihood of success on the merits; (2) a possibility of irreparable injury not remediable by damages; (3) a balance of hardships in the Movant's favor; and (4) a public policy in favor of granting the relief. *Powell-Cerkoney v. TCR-Montana Ranch Joint Venture, II*, 176 Ariz. 275, 280, 860 P.2d 1328, 1333 (Ct App. 1993).

**A. A Strong Likelihood of Success on the Merits.**

As demonstrated in the attached Affidavit, Deutsche Bank has been granted favorable verdicts from this Court with fraudulent or inaccurate documents. Despite Deutsche Bank's avowal, the Note presented to this Court in the Proof of Claim and Motion for Relief from the Automatic Stay are not true copies of the original Note. Furthermore, the document contains a page with the signature of Mark Fitzpatrick that was added on the Note without Mr. Fitzpatrick's knowledge or consent.

The Assignment of Deed of Trust is also a nullity. The Assignment by its own terms claims to have been created by IndyMac Bank on October 13, 2009. This is impossible because IndyMac Bank did not exist at that time.

The current Trustee's Sale, which is pending, was brought under a different beneficiary than is purported to be the beneficiary to this Court. The Notice of Trustee's Sale lists IndyMac Bank as the beneficiary, but Deutsche Bank claims an interest in these proceedings. The Trustee's Sale has not been re-noticed and therefore either the Trustee's Sale, the Motion to Lift the Automatic Stay, or both, were brought by the wrong party.

Clearly this Court cannot condone the Defendant's willful misrepresentations to the Court. Therefore, there is a strong likelihood of success on the merits.

**B. Irreparable Injury Not Remediable by Monetary Damages.**

The Plaintiff seeks to retain his family residence. When dealing with real property, a "…Court may assume the inadequacy of damages as a remedy without the necessity of a showing to that effect." *Sabin v. Rauch*, 75 Ariz. 275, 280 (Ariz. 1953)

(When discussing specific performance of a contract). Each plot of land is unique and there is no assurance that the property could be obtained from a bona fide purchaser at a Trustee's Sale.

### C. A Balance of Hardships in the Movant's Favor.

The hardship to the Debtor/Plaintiff is extreme and the hardship to the Defendant is slight at best. The Debtor/Plaintiff will sustain a loss of approximately $300,000 in equity if the house is sold at Trustee's Sale values.

The Defendant allegedly holds this property as one of many assets. They purportedly hold thousands of similar Deeds of Trust. Granting the Temporary Restraining Order will only slightly delay a process that has already been a long process. If anything, the delay may help the Defendant. Property values appear to be rising slightly from the recent plummet and the Plaintiff will continue to care for and maintain the property as he has done for approximately six years.

### D. Public Policy.

The legislature created a very specific Deed of Trust statute. It represents a compromise between the rights of a creditor and the rights of a homeowner. The creditor was given an expedited remedy in exchange for strict procedural safeguards. The Defendant must be held to these procedures. The very least of these procedures is to put the true beneficiary on the notice of Trustee's Sale. According to the documents filed with this Court, the Defendant has not done so.

Furthermore, property rights are crucial to our system. A full exploration of the possible infringements should be conducted before someone is stripped of their home and equity.

Public Policy also favors equitable behavior. In the current case, the Defendant has acted in a highly inequitable manner:

- First, the Plaintiff was tricked into stopping the mortgage payments. He was promised best efforts to negotiate a modification, but was given a notice of Trustee's Sale instead.
- Second, the Defendant obfuscated the clarity of whom the Plaintiff was to communicate with by listing IndyMac Bank as the beneficiary. Thereafter Deutsche Bank claimed they were the beneficiary and verbally told the Plaintiff that Deutsche Bank made no decisions on the loan, but rather acted as a Trustee only.
- Third, they presented a Note to the Court that is not a true and correct copy of the original Note.
- Fourth, according to Mark Fitzpatrick, who is purported to have signed the Assignment on the Note, the authenticity of this document remains in question.
- Lastly, the Assignment of Deed of Trust was performed at a date after IndyMac Bank no longer existed.

**IV. Conclusion.**

The Defendant has engaged in inequitable conduct. They have obtained favorable decisions from this Court based on proof that is, at best, a misrepresentation and, at worst, outright fraud. A Temporary Restraining Order is critical to maintaining

the status quo and preventing a Trustee's Sale until an evidentiary proceeding can be performed to evaluate the nature and extent of the infractions committed by the Defendant.

WHEREFORE, it is respectfully requested that:

Deutsche Bank be injuncted from foreclosing or taking any other adverse actions against the property without further Order of the Court; and

Quality Loan Services be injuncted from foreclosing or taking any other adverse actions against the property without further Order of the Court; and

IndyMac Bank be injuncted from foreclosing or taking any other adverse actions against the property without further Order of the Court; and

OneWest Bank be injuncted from foreclosing or taking any other adverse actions against the property without further Order of the Court; and

Such other relief the Court deems just and proper.

DATED this 18th day of June, 2010.

**JOSEPH W. CHARLES, P.C.**

BY: _____
      Joseph W. Charles
      5704 W. Palmaire Avenue
      P.O. Box 1737
      Glendale, Arizona 85311
      Attorneys for the Debtor/Plaintiff

# EXHIBIT A

**EXHIBIT B**

# EXHIBIT C

**EXHIBIT D**