**SIGNED.**

**Dated: June 21, 2010**

_Smrh/Manchley_
**SARAH S. CURLEY**
**U.S. Bankruptcy Judge**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In Re | Chapter 13 |
| WILLIAM McCAFFREY, | Case No. 09-bk-20635-SSC |
| Debtor. | Adversary No. 10-ap-01121-SSC |
| WILLIAM McCAFFREY, | |
| Movant, | |
| v. | |
| DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee of Residential Asset Securitization Trust Series 2004-1 under the Pooling and Servicing agreement dated February 1, 2004, its assignees and/or successors, | |
| Defendant. | **ORDER ISSUING TEMPORARY RESTRAINING ORDER** |

This matter comes before the Court pursuant to the June 18, 2010, Motion for Preliminary Injunction and Temporary Restraining Order ("Motion") filed by the Debtor. The Debtor seeks an injunction against Deutsche Bank National Trust Company ("Deutsche Bank") from conducting a trustee's sale of the Debtor's property located at 8335 East Sutton Drive, Scottsdale, AZ 85260 ("Property") currently set for June 22, 2010. Prior to filing this current Motion, the Court granted Deutsche Bank's Motion for Relief from the Automatic Stay on March 2, 2010. However, the parties agreed that Deutsche Bank would not conduct a trustee's sale for 90 days. Furthermore, the Court directed Deutsche Bank to make the original promissory note ("Note") available to the Plaintiff for inspection.

The Debtor is now seeking an injunction, arguing that there is new evidence which shows that Deutsche Bank presented fraudulent documents to the Court. According to the Debtor, the Note presented to the Court was materially different from the original Note

executed by the Plaintiff when the loan was closed, and the Assignment of the Note, which was executed by a purported representative of IndyMac Bank ("IndyMac"), is dated after IndyMac went out of business.

In support of the requested relief, the Debtor has attached an affidavit from Mark Fitzpatrick, who was formerly employed by IndyMac Bank as the Vice President of Operations Retail Lending, and whose signature appears on a blank endorsement purportedly attached to the Note. Mr. Fitzpatrick states that his normal practice was to either provide an endorsement at the end of the note, or if he did not have enough room, to provide an endorsement on the back of the Note. In reviewing the Note at issue in this case, Mr. Fitzpatrick states "I believe the last page of the note which appears to contain an assignment executed by me, is not a document representative of the normal process."

In considering whether some type of injunctive relief should now issue, the Court must consider the standards set forth under Federal Rules of Civil Procedure 65 and § 105. See Matter of Baldwin, 48 Bankr. 901 (Bankr. S.D. Ohio 1985). The bankruptcy court has the inherent power to issue affirmative stays under § 105. In re Thomassen, 15 Bankr. 907 (Bankr. 9th Cir. 1981). Generally for injunctive relief to issue, the Ninth Circuit requires 1) a fair chance of success on the merits, 2) a significant threat of irreparable harm, 3) a balancing of hardships in favor of the application, and 4) the public interest weighs in favor of the injunction." Lenke v. Tischler (In re Lenke), 249 B.R. 1, 11 (Bankr. D. Ariz. 2000)(citing Arcamuzi v. Continental Air Lines, Inc., 819 F.2d 935, 937-38(9th Cir. 1987)). "A preliminary injunction may only be granted when the moving party has demonstrated a significant threat of irreparable injury, irrespective of the magnitude of the injury." Simula, Inc., v. Autoliv, Inc., 175 F.3d 716, 725 (9th Cir. 1999) (citing Big Country Foods, v. Board of Educ. of Anchorage Sch. Dist., 868 F.2d 1085 (9th Cir. 1989).

Having considered the Motion filed by the Plaintiff against Deutsche Bank, along with the affidavit of Mark Fitzpatrick, it appears that there are questions regarding the authenticity of the endorsement contained on the Note. Accordingly, the Debtor having

2

Case 2:10-ap-01121-SSC    Doc 5    Filed 06/21/10    Entered 06/21/10 14:45:32    Desc
Main Document    Page 2 of 3

shown a fair chance of success on the merits, and a significant threat of immediate and irreparable harm if the trustee's sale is allowed to proceed, the Court shall grant the Debtor's request for a Temporary Restraining Order until the Court may conduct a hearing on whether a preliminary injunction should issue or other relief should be accorded to the Debtor.

Based upon the foregoing,

**IT IS ORDERED** that the Defendant Deutsche Bank, or anyone acting directly or indirectly on its behalf, shall not conduct a trustee's sale, or otherwise sell, transfer, assign, hypothecate, or dispose of the property located at 8335 East Sutton Drive, Scottsdale, AZ 85260.

**IT IS FURTHER ORDERED** that unless extended by further Order of this Court, this Temporary Restraining Order shall be in force and effect pending a hearing on and disposition of Plaintiff's Motion for Preliminary Injunction, but in any event not beyond June 29, 2010, 11:00 a.m. MST. This Court retains jurisdiction to modify the Temporary Restraining Order upon the request of either party.

**IT IS ALSO ORDERED** that the Defendant appear before this Court on June 29, 2010 at 11:00 a.m. MST to show cause why a preliminary injunction should not be issued and entered against it as prayed for by Plaintiff's Motion.

**IT IS FURTHER ORDERED** directing the Plaintiff to provide immediate notice of this Order to all interested parties, and file an affidavit of service thereon.

DATED this 21st day of June, 2010.

Honorable Sarah Sharer Curley
United States Bankruptcy Judge