Matthew A. Silverman (018919)
Jessica R. Kenney (026615)
**McCarthy ◆ Holthus ◆ Levine**
3636 North Central Avenue
Suite 1050
Phoenix, AZ 85012
(602) 230-8726

Attorneys for Movant,
Deutsche Bank National Trust Company, as Trustee of Residential Asset Securitization Trust Series 2004-IndyPort1, Mortgage Pass-Through Certificates, Series 2004-1 under the Pooling and Servicing agreement dated February 1, 2004, its assignees and/or successors

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

PHOENIX DIVISION

| | |
|---|---|
| In re:<br><br>William McCaffrey,<br><br>           Debtor.<br>William McCaffrey,<br><br>           Plaintiff,<br><br> v.<br><br>Deutsche Bank National Trust Company, as Trustee of Residential Asset Securitization Trust Series 2004-IndyPort1, Mortgage Pass-Through Certificates, Series 2004-1 under the Pooling and Servicing agreement dated February 1, 2004, its assignees and/or successors,<br><br>           Defendant. | In Proceedings Under<br><br>Chapter 13<br><br>Case No. 2:09-bk-20635-SSC<br><br>Adversary No. 2:10-ap-01121-SSC<br><br>**RESPONSE TO PETITION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**<br><br>**RE: 8336 East Sutton Drive, Scottsdale, AZ 85260** |

File No.AZ10- 5731               1               Case No. 2:09-bk-20635-SSC
2:10-ap-01121-SSC

Response to TRO

Deutsche Bank National Trust Company, as Trustee of Residential Asset Securitization Trust Series 2004-IndyPort1, Mortgage Pass-Through Certificates, Series 2004-1 under the Pooling and Servicing agreement dated February 1, 2004 ("Defendant"), by and through its undersigned attorney, hereby responds to the Plaintiff's Petition for Temporary Restraining Order and Preliminary Injunction.

This response is supported by the Memorandum of Points and Authorities attached hereto and incorporated herein by this reference.

DATED: June 28, 2010

**McCarthy ◆ Holthus ◆ Levine**

By: /s/ Matthew A. Silverman
    Matthew A. Silverman, Esq.
    3636 North Central Avenue
    Suite 1050
    Phoenix, AZ 85012
    Attorneys for Defendant

File No.AZ10- 5731  2  Case No. 2:09-bk-20635-SSC
2:10-ap-01121-SSC

Response to TRO
Case 2:10-ap-01121-SSC   Doc 10   Filed 06/28/10   Entered 06/28/10 18:31:21   Desc
Main Document    Page 2 of 9

## MEMORANDUM OF POINTS AND AUTHORITIES

## FACTUAL BACKGROUND

1. On or about 08/25/2009, Debtor filed a Voluntary Petition under Chapter 13 of the Bankruptcy Code. Pursuant to 11 U.S.C. § 362, the Petition stays the commencement or continuation of any proceedings against the Debtor or any act to obtain possession of any property of the Debtor or to enforce any lien against any property of the Debtor.

2. On or about 08/25/2003, IndyMac FSB entered into a contract with William McCaffrey wherein Debtor agreed to pay the amount of $2,465.30, or more, on or before the first day of every month, beginning on or about 10/01/2003. The obligation is evidenced by a Note and secured by a Deed of Trust. **See Exhibit "1"** and **Exhibit "2"**

3. The Deed of Trust was timely and duly recorded and perfected in accordance with Arizona law as Recorders No. 20031224130 in the office of the Maricopa County Recorder.

4. Deutsche Bank National Trust Company, as Trustee of Residential Asset Securitization Trust Series 2004-IndyPort1, Mortgage Pass-Through Certificates, Series 2004-1 under the Pooling and Servicing agreement dated February 1, 2004 is now the holder of the Note that is Secured by the Deed of Trust and is the real party in interest. As evidenced by the Assignment of the Deed of Trust and supporting Limited Power of Attorney attached hereto and incorporated as **Exhibit "3"** and **Exhibit "4"** respectively.

5. The original principal amount of the Note was $479,500.00, plus interest, costs and attorneys' fees for collection. Currently, but for the defaults in acceleration, the monthly payment pursuant to the Note would be $2,605.38.

6. The Debtor has failed to make monthly payments, beginning with the month of 12/01/2008, and all subsequent payments, costs, attorneys' fees, interest and accruing late charges.

7. On or about February 2, 2010 this matter came before this Court in the form of a Motion for Relief from the Automatic Stay. This Court granted the Motion for Relief. However, this Court made the Relief effective in 90 days from the date of the Hearing, June 2, 2010. This rationale behind the 90 day period was to allow the Debtor to apply for a loan

modification and this Court Ordered the Defendant to produce the Original Note for viewing by the Plaintiff.

8. On or about April 2, 2010, Defendant's Counsel Jessica R. Kenney met with the Debtor, his bankruptcy counsel Kevin Rattey and other counsel Doug Rhodes. At this time Ms. Kenney, in compliance with this Court's Order made the Original Note available for viewing.

9. This adversary proceeding was filed on June 18, 2010 seeking to enjoin the sale of the property in question.

10. In compliance with this Court's Order issuing a Temporary Restraining Order the Trustee's sale was postponed to July 21, 2010.

## **LAW AND ARGUMENT**

There are four factors analyzed when a Court considers whether to grant injunctive relief as described properly by this Court in her Order granting a Temporary Restraining Order page 2 at lines 16 thru 19. Generally for injunctive relief to issue, the Ninth Circuit requires 1) a fair chance of success on the merits, 2) a significant threat of irreparable harm, 3) a balancing of hardships in favor of the application, and 4) the public interest weighs in favor of the injunction." *Lenke c. Tischler (In re Lenke),* 249 B.R. 1, 11 (Bankr. D. Ariz. 20000(citing *Arcamuzi v. Continental Air Lines, Inc.,* 819 F.2d 935, 937-38(9th Cir. 1987).

Here, Plaintiff has failed to show a fair chance of success on the merits when all of the evidence is properly presented to this Court. The Plaintiff has presented two arguments to support his claim that Defendant is not the proper party in interest in this matter and entitled to pursue their state law remedies.

First, the Plaintiff asserts that the blank endorsement to the Original Note was somehow fraudulent. In support of this claim the Plaintiff has presented an affidavit from Mark Fitzpatrick. In relevant part Mr. Fitzpatrick states that his normal practice was either to provide an endorsement at the end of the note, or if he did not have enough room to endorsement on the back of the Note. Here, the stamped blank endorsement to the original note was stamped on the back of the Note. It was not a separate page as appears to have been indicated to Mr. Fitzpatrick. Counsel for Defendant Jessica R. Kenney was in actual physical possession of the

original note prior to the Plaintiff's inspection and will swear under Oath that the stamped endorsement was on the back of the Note and was not a separate piece of paper later affixed as an allonge to the Note as the Plaintiff purports.

The Plaintiff and Counsel Mr. Rhodes requested that Counsel for Defendant, Ms. Kenney make a copy of the original note. In compliance with this request Ms. Kenney made a copy of the Original Note but due to her lack of secretarial skills she made a copy of the back of the Note as a separate sheet of paper. Ms. Kenney again could testify completely to these facts under oath due to her personal knowledge of these facts. It appears that the affidavit of Mr. Fitzpatrick is based upon misleading information presented by Plaintiff.

A blank endorsement to the Original Note does not affect the Defendant's claim that it is the proper party in interest and the Holder of the Note. Under Arizona Law a Note endorsed to blank is payable to the person in actual possession of the Original Note. See A.R.S. § 47-3205(B). Here, that is Defendant.

Second, the Plaintiff argues that the Assignment of the Deed and Trust together with the promissory Note executed by the original lender to Defendant is a nullity because IndyMac was not in business at the time of the assignment. Again this argument fails when all evidence is properly in front of this Court. Attached hereto and incorporated as Exhibit 2 to this Response is the Limited Power of Attorney under the Federal Deposit Insurance Corporation receivership that gives Ms. Erica Johnson-Seck the authority to assign this Note and Deed of Trust. Here, there is no fair chance of success on the merits as Defendant has rebutted the arguments advanced by Plaintiff that supported injunctive relief.

In this matter the balancing of hardships does not favor the application and public interest does not weigh in favor of the injunction. Here, Plaintiff has failed to make a payment on this loan since 12/1/2008. This Court gave the Plaintiff 90 days from the granting of relief from the automatic stay to pursue loan modification options his application does not include a description of the efforts he made during this 90 day period graciously granted by this Court to attempt to resolve this matter through loan modification. Instead the Plaintiff comes to this Court with a new theory regarding the validity of the loan. Defendant has complied with this

Court's Order to make the Original Note available for viewing because Plaintiff raised concerns about some redaction issues with the copy of the Note presented with the Motion for Relief. This last minute application appears to be yet another attempt by the Debtor to delay and prejudice Defendant from pursuing its state court remedies against its collateral.

If this Court chooses to put a Preliminary Injunction in place Defendant requests that the Plaintiff post a proper bond as required by Rule 65(e) of the Federal Rules of Civil Procedure. Due to the tremendous default on this loan, the monthly payment of $2,605.38 has not been paid in 16 months, and the continued depreciation of Defendant's collateral, the Defendant requests a bond in the amount of $60,000.00. Of which $57,318.36 which represents the unpaid mortgage payments of the last 16 months plus six (6) months going forward in anticipation of litigation and reasonable attorneys fees and costs that will result if Defendant has to litigate this matter.

## **REQUEST FOR RELIEF**

WHEREFORE, Movant requests that the Court enter its Order granting the following relief:

A. Denying Plaintiff's Petition for Temporary Restraining Order and Preliminary Injunction;

B. For Movant's reasonable attorneys' fees and costs and interest herein incurred and expended; and

C. For such other and further relief as the Court deems just and equitable.

DATED: June 28, 2010

                                                **McCarthy ◆ Holthus ◆ Levine**

                                      By: /s/ Matthew A. Silverman
                                          Matthew A. Silverman, Esq.
                                          3636 North Central Avenue
                                          Suite 1050
                                          Phoenix, AZ 85012
                                          Attorneys for Movant

On 6/28/10, I served the foregoing documents described as **RESPONSE TO PETITION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION** on the following individuals by electronic means through the Court's ECF program:

    COUNSEL FOR PLAINTIFF
    Joseph W. Charles
    LawOffice@joecharles.com

**I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.**

                                                                         /s/ Alexandru Nicolau

On 6/28/10, I served the foregoing documents described as **RESPONSE TO PETITION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION** on the following individuals by depositing true copies thereof in the United States mail at San Diego, California, enclosed in a sealed envelope, with postage paid, addressed as follows:

    COUNSEL FOR PLAINTIFF
    Joseph W. Charles
    Joseph W. Charles, P.C.
    P.O. Box 1737
    Glendale, Arizona 8311-1737

    DEBTOR
    William D. McCaffrey
    8335 East Sutton Drive
    Scottsdale, AZ 85260

    TRUSTEE
    Russell Brown
    Chapter 13 Trustee
    Suite 800
    Phoenix, AZ 85012

    UNITED STATES TRUSTEE
    Office of the U.S. Trustee
    230 North First Avenue
    Suite 204
    Phoenix, AZ 85003-1706

1    **I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.**
2
3                                                                        /s/ Warb Wilcox
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29

1

Case 2:10-ap-01121-SSC    Doc 10    Filed 06/28/10    Entered 06/28/10 18:31:21    Desc
Main Document    Page 9 of 9