**JOSEPH W. CHARLES, P.C.**
**5704 West Palmaire Avenue**
**P.O. Box 1737**
**Glendale, Arizona 85311-1737**
**Tel: (623) 939-6546**
**Fax: (623) 939-6718**
**Email: attyjcharles@joecharles.com**

Joseph W. Charles
State Bar #003038
Attorneys for Debtor/Plaintiff

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: | Chapter 13 Proceedings |
| William McCaffrey, | Case No. 2:09-bk-20635-SSC |
| Debtor. | Adversary No. 2:10-ap-01121 |
| William McCaffrey, | **COMPLAINT TO DETERMINE THE VALIDITY, PRIORITY OR EXTENT OF A LIEN OR OTHER INTEREST IN PROPERTY** |
| Plaintiff, | |
| vs. | |
| Deutsche Bank National Trust Company, as Trustee of Residential Asset Securitization Trust Series 2004-1 under the Pooling and Servicing agreement dated February 1, 2004, its assignees and/or successors, John and Jane Does 1-10; Black Corporations 1-10; ABC Trusts 1-10; XYZ, LLC's 1-10 | RE: Real Property Located at 8335 East Sutton Drive Scottsdale, AZ 85260 |
| Defendant. | |

COMES NOW the Debtor/Plaintiff, William McCaffrey, by and through counsel undersigned, and hereby states for his Complaint as follows:

– 1 –

1.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334; 11 U.S.C. § 506(a); 11 U.S.C. § 1123(b)(5); and Rule 7001, et seq. Rules of Bankruptcy Procedure.     This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), 157(b)(2)(B) and 157(b)(2)(K).

## NARRATIVE

1.     The Defendant, Deutsche Bank, is believed to be a national trust company.

2.     The Plaintiff is the Debtor in the underlying Chapter 13 bankruptcy case which was commenced by the filing of a voluntary petition in this District on or about 08/25/2009,

3.     Debtor/Plaintiff, at the time of the filing of this case, was the owner of certain real property located at 8335 East Sutton Drive, Scottsdale, Arizona ("Property").

4.     The Property is the Debtor's/Plaintiff's principal place of residence.

5.     On or about August 25, 2003 Debtor/Plaintiff executed a promissory note in favor of IndyMac, Federal Savings Bank ("IndyMac") secured by a Deed of Trust  on Plaintiff/Debtor's residence subject to these proceedings.

6.     On or about July 11, 2008 IndyMac FSB was seized by the Federal Deposit Insurance Company (FDIC).

7.     On 8/25/2009 the Debtor filed his Petition for Chapter 13 relief.

– 2 –

8.     Despite the Note being delinquent, on 10/13/2009 IndyMac executed an Assignment of the Note and Deed of Trust, purporting to assign the Note and Deed of Trust from IndyMac Bank to Deutsche Bank.

9.     Deutsche Bank purports to have power of attorney authorizations which allow transfers to be made out of IndyMac Bank, but they do not allow for transfers to Deutsche Bank, nor do they cover the time period in which the purported assignment took place.

10.     It is not known at this time, what amount if any was paid by Deutsche Bank to obtain the alleged ownership of the Note and Deed of Trust.

11.     On 10/21/2009 One West Bank filed a proof of claim (Claims Register document 10-1), claiming to be owed $91,140.18 under the Note secured by the first Deed of Trust. Although, the POC was filed by One West Bank, attached to the proof of claim is a promissory note payable to IndyMac, FSB secured by a Deed of Trust executed by the Debtor in favor of IndyMac, FSB, without an assignment to the Note.

12.     On 10/21/2009 One West Bank, FSB filed another proof of claim (Claims Register document 12-1) claiming to be owed $470,434.71 under the promissory note secured by the first Deed of Trust. This POC was not filed as an amendment but as a stand alone claim. Although, the POC was filed by One West Bank, attached to the proof of claim is a promissory note payable to IndyMac, FSB secured by a Deed of Trust executed by the Debtor in favor of IndyMac, FSB.

13.     On 11/25/2009 Deutsche Bank filed its Motion for Relief from Stay pertaining to the subject property (Docket #36) which had attached thereto, as an exhibit, a copy of the purported Deed of Trust and its underlying promissory note (the

– 3 –

promissory note is stamped to indicate it is a "THIS IS CERTIFIED TO BE A TRUE AND CORRECT COPY OF THE ORIGINAL" and initialed by an unknown party.)

14. On 1/8/2010 Deutsche Bank filed a supplemental declaration (Docket #39) which had attached thereto a copy of the purported Deed of Trust and its underlying promissory note (the promissory note is stamped to indicate it is a "THIS IS CERTIFIED TO BE A TRUE AND CORRECT COPY OF THE ORIGINAL" and initialed by an unknown party.)

15. On 2/2/2010 the Court held a Preliminary Hearing in which, among other issues, a continuance was granted in order to allow the Plaintiff/Debtor to examine the "original" note.

16. On, or about April 21, 2010, the Plaintiff, counsel Kevin Ratay, and attorney Doug Rhoads reviewed what was purported to be the "original" note at the offices of McCarthy Holthus Levine, Deutsche Bank's counsel in these proceedings.

What was presented for inspection as the "original note" was a promissory note which appeared, upon a cursory examination, to be the Note signed by the Debtor. The Note was yellowed, and worn, as would be expected with a document of its age. However, attached to the document was a clean, crisp "new looking" piece of paper on which was stamped what purports to be an assignment, which states:

Pay to the Order of

Without Recourse
IndyMac, FSB
_____
Mark Fitzpatrick
Vice President, Operations-
Retail Lending

The assignment purports to be signed by Mark Fitzpatrick.

– 4 –

A copy of the note and its assignment was made available in the Phoenix offices of McCarthy Holthus Levine. This assignment has nothing on it to identify that it relates to the note in question. Besides the stamp and purported signature, it is completely blank. Furthermore, the signature appears photocopied. The addition of a purported assignment is a material difference from the Notes on file in these proceedings.

17.     On or about August 5th, an original note was made available for present counsel to view. This note also deviated from the one filed as an exhibit during the Motion for Relief of Stay. This version had the purported assignment, but it now existed on the back of the last page rather than on an independent page. Furthermore, the Note lacked the distinct aged color of the Note presented to the Debtor in April.

18.     Based upn the circumstances set forth above, it is alleged that Deutsche Bank has no legal standing to assert a claim on the Promissory Note and Deed of Trust that is the subject matter of this litigation.


**PROOFS OF CLAIM**

19.     On 10/15/2009 One West Bank, FSB, through Jason Sherman, Esq,, as counsel for One West, FSB filed its Proof of Claim10-1 stating:

> "**5. At the time this case filed,**
> **the TOTAL SECURED CLAIM (Payoff Amount)**
> **was: ………………………………………………..$91,140.18**"

Attached to the Proof of Claim was the Deed of Trust, Fixed/Adjustable Rate Rider to the Note, Substitution of Trustee and Notice of Trustee's Sale.

20.     On 10/21/2009 One West Bank, FSB, through Matthew Silverman, Esq,, as counsel for One West, FSB filed its Proof of Claim12-1 claiming $470,434.71 to be

– 5 –

the total amount owed.  This claim does not purport to amend any previous proofs of claim filed by or on behalf of One West Bank.

Attached to this claim are a copy of the Deed of Trust, Fixed/Adjustable Rate Rider to the Note and a copy of the Note (stamped and initialed by an unknown party) "THIS IS CERTIFIED TO BE A TRUE AND EXACT COPY OF THE ORIGINAL".

## THE PROMISSORY NOTE

21.    On or about August 25, 2003 Debtor/Plaintiff executed a promissory note in favor of IndyMac, Federal Savings Bank ("IndyMac") secured by a Deed of Trust  on Plaintiff/Debtor's residence subject to these proceedings.

22.    The Note as filed with the Court, on 10/12/2009, by Jason Sherman (One West Bank's, counsel) in support of One West Bank's proof of claim has no assignment attached.

23.    The Note as filed with the Court, on 10/21/2009, by Matthew Silverman (also One West Bank, FSB's counsel) in support of One West Bank's proof of claim has an assignment, executed 10/13/2009, purporting to assign the Note and Deed of Trust from IndyMac to Deutsche Bank.

24.    The Note as viewed in the Phoenix offices of McCarthy Holthus Levine, on or about April 21, 2010 does not have attached to it the 10/13/2009 assignment of the Note and Deed of Trust but has a different assignment, **undisclosed to the Court**.

25.    The assignment, to the note is purported to have been executed by Mark Fitzpatrick, in his capacity as Vice President, Operations-Retail Lending of IndyMac Bank, FSB.  The assignment, contains no identifiers (i.e., loan number, date or who it is

– 6 –

payable to) that indicate that it is in anyway related to the note that it has become mysteriously attached to after the note having been filed with the Court on three occasions and avowed to be a true and correct copy each time. Additionally, the signature appears to be a photocopy rather than being an actual signature and is not stamped, or otherwise permanently affixed to the note.

## THE 10-13-09 ASSIGNMENT

26. This assignment, is defective because Erica Johnson-Seck did not have any authority to transfer the Note. This assignment has already been admitted into evidence as Exhibit "C."

27. Neither power of attorney admitted by the Defendant grants Erica A. Johnson-Seck the power to assign the Note in this manner.

28. Erica A. Johnson-Seck is known to disregard established notary formalities.

29. The notary on this assignment identifies himself as Kyle Grace, but the notary stamp used contains the first name "Stephen", not "Kyle."

30. Upon information and belief, the Note and Deed of Trust have become separated, therefore the Note is unsecured and should be treated as an unsecured debt.

## THE ASSIGNMENT PURPORTEDLY AFFIXED TO THE BACK OF THE NOTE

31. The assignment on the last page of the first original Note is invalid because it was not properly affixed to the Note.

– 7 –

32.    Even if the Court finds the assignment was attached to the back of the Note, it was fraudulently created.

33.    If the assignment is found to be fraudulent Deutsch Bank cannot be found to be a party in interest or a "real" party in interest, or to have either constitutional or prudential standing.


## AUTHORITY OF SERVICER OR TRUSTEE TO BE REAL PARTY
## IN INTEREST FOR INVESTORS

34.    Defendant cannot base their standing solely upon the alleged existence of a trust for which they are the Trustee.


## APPLICATION OF FUNDS TOWARDS INDEBTEDNESS

35.    During the time wherein IndyMac Bank was collecting upon the Note, theDebtor tendered to IndyMac Bank Twenty Five Thousand Dollars ($25,000.00), which has never been accounted for as being applied to the loan.

36    The Pooling and Servicing Agreement (PSA) also provides for payment to the Trust of One Hundred Fifty Thousand Dollars ($150,000.00) which was never credited towards the indebtedness

37.    It is believed that other insurance, governmental proceeds and/or credit default swaps may have been disbursed as credit towards the underlying obligation. Discovery will need to be conducted to determine the application of monies to the account.

– 8 –

WHEREFORE, it is prayed by the Debtor that the Court find that:

A.      The assignment of IndyMac to Deutsche Bank, purported to have been executed by Erica A. Johnson-Seck be declared to be invalid.

B.      The assignment of IndyMac, purported to have been executed Mark Fitzpatrick be declared to be invalid.

C.      That an accounting of all funds paid by, or on behalf of, the Debtor be properly accounted for and applied; or returned to the Debtor.

D.      That Deutsche Bank be declared to have no claim or standing whatsoever in the Debtor's bankruptcy due their failure to demonstrate any interest in the Note and Deed of Trust submitted in this matter.

E.      If the Court declines to eliminate Deutsche bank's claim altogether; that the Note be determined to be unsecured and treated as an unsecured claim.

F.      That any recorded liens purported to be impressed on the Sutton property as a result of the Note and Deed of Trust executed in 2003 be released at the conclusion of the Debtor's Chapter 13 Plan.


RESPECTFULLY SUBMITTED this 12th day of August, 2010.


**JOSEPH W. CHARLES, P.C.**


BY:     _____/s/ Joseph Charles_____
        Joseph W. Charles
        Attorneys for the Debtor/Plaintiff

– 9 –

Copy of the foregoing
mailed this 12th day of
August, 2010, to:


Matthew A. Silverman
Jessica R. Kenney
McCarthy Holthus  Levine
3636 North Central Avenue
Suite 1050
Phoenix, AZ 85012
Attorneys for Deutsche Bank

Office of the US Trustee
230 North First Ave, Suite 204
Phoenix AZ 85003

Russell Brown
Suite 800
3838 North Central Avenue
Phoenix, AZ 85012-1965
Chapter 13 Trustee


 /s/ C. Short