Paul M. Levine, Esq. (007202)
Matthew Silverman, Esq. (018919)
Jessica Kenney, Esq. (026615)
**MCCARTHY ◆ HOLTHUS ◆ LEVINE**
8502 E. Via de Ventura Way
Suite #200
Scottsdale, Arizona 85258
plevine@mhlevine.com
*Attorneys for Defendant Deutsche Bank National Trust Company*

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>William McCaffrey,<br><br>    Debtor<br><br>―――――――――――<br><br>Willilam McCaffrey,<br><br>    Plaintiff,<br><br>vs.<br><br>Deutsche Bank National Trust Company, as Trustee of Residential Asset Securitization Trust Series 20041-1 under the Pooling and Servicing agreement dated February 1, 2004, its assignees and/or successors, John and Jane Does 1-10-; Black Corporations 1-10; ABC Trusts 1-10; XYZ, LLC's 1-10<br><br>    Defendants. | Chapter 13 Proceedings<br><br>Case No. 2:09-bk-20635-SSC<br><br>Adversary No. 2:10-ap-01121<br><br>**DEFENDANT DEUTSCHE BANK'S ANSWER TO COMPLAINT TO DETERMINE THE VALIDITY, PRIORITY OR EXTENT OF A LIEN OR OTHER INTEREST IN PROPERTY**<br><br>**RE: REAL PROPERTY LOCATED AT 8335 EAST SUTTON DRIVE SCOTTSDALE, AZ 85260** |

AZ10-2073

1

Defendant, Deutsche Bank National Trust Company ("Deutsche Bank"), by and through its counsel undersigned, for its Answer to Plaintiff's Complaint to Determine the Validity, Priority or Extent of the Lien or other Interest in Property hereby admits, denies and alleges as follows:

1. Deutsche Bank denies each and every allegation of the Complaint not specifically admitted herein.

2. Answering paragraph 1, upon information and belief, Deutsche Bank admits the allegations therein.

## NARRATIVE

3. Answering paragraph 1 [sic] Deutsche Bank admits the allegations contained therein.

4. Answering paragraphs 2, 3, 4, 5, Deutsche Bank admits the allegations contained therein.

5. Answering paragraph 6, Deutsche Bank denies the allegations contained therein.

6. Answering paragraphs 7 and 8, Deutsche Bank admits the allegations contained therein with the exception that on October 13, 2009, IndyMac signed an Assignment of Deed of Trust, not an Assignment of the Note.

7. Answering paragraph 9, Deutsche Bank denies the allegations contained therein.

8. Answering paragraph 10, the statement does not call for an admission or denial. Out of an abundance of caution, the allegation is denied.

9. Answering paragraph 11, Deutsche Bank admits that a Proof of Claim was filed. Deutsche Bank alleges the document speaks for itself. Deutsche Bank denies that a Promissory Note was attached to the Proof of Claim.

10. Answering paragraphs 12, 13, 14 and 15, Deutsche Bank admits the allegations contained therein and alleges that the documents speak for themselves.

AZ10-2073

1    11.    Answering paragraph 16, Deutsche Bank admits the first and second sentences thereof. The third sentence is a statement does not require an admission or denial. Deutsche Bank alleges that the original Note speaks for itself. Deutsche Bank denies the remaining allegations in paragraph 16 on page 4. Deutsche Bank affirmatively alleges that the Fixed/Adjustable Rate Note is endorsed on the back of page 5, signed by Mark Fitzpatrick. Deutsche Bank admits that a copy of the Note and the endorsement was made available to Plaintiff and its counsel. Deutsche Bank denies the remaining allegations of paragraph 16.

12.    Answering paragraph 17, Deutsche Bank admits the first sentence thereof. Deutsche Bank denies the remaining allegations of paragraph 17.

13.    Answering paragraph 18, Deutsche Bank denies the allegations contained therein.

### PROOF OF CLAIM

14.    Answering paragraph 19, Deutsche Bank alleges that the document speaks for itself. Deutsche Bank denies that the Promissory Note was attached.

15.    Answering paragraph 20, Deutsche Bank admits the allegations contained therein and alleges that the document speaks for itself.

### THE PROMISSORY NOTE

16.    Answering paragraph 21, Deutsche Bank admits the allegations contained therein.

17.    Answering paragraph 22, Deutsche Bank denies the allegations contained therein.

18.    Answering paragraph 23, Deutsche Bank admits the allegations contained therein and alleges that the document speaks for itself, with the exception that the Assignment is an Assignment of Deed of Trust.

19.    Answering paragraph 24, Deutsche Bank denies the allegations contained therein.

20.    Answering paragraph 25, Deutsche Bank admits the first sentence thereof. Deutsche Bank denies the remaining allegations of paragraph 25.

AZ10-2073

## THE 10-13-09 ASSIGNMENT

21. Answering paragraphs 26, 27, 28, 29 and 30, Deutsche Bank denies the allegations contained therein. Deutsche Bank alleges that the Assignment of Deed of Trust speaks for itself.

## THE ASSIGNMENT PURPORTEDLY AFFIXED TO THE BACK OF THE NOTE

22. Answering paragraphs 31, 32 and 33, Deutsche Bank denies the allegations contained therein.

## AUTHORITY OF SERVICER OR TRUSTEE TO BE PARTY IN INTEREST FOR INVESTORS

23. Answering paragraph 34, Deutsche Bank denies the allegations contained therein.

## APPLICATION OF FUNDS TOWARDS INDEBTEDNESS

24. Answering paragraph 35, Deutsche Bank is investigating the allegations contained therein.

25. Answering paragraph 36, Deutsche Bank alleges that the Pooling and Servicing Agreement speaks for itself.

26. Answering paragraph 37, Deutsche Bank is without sufficient information or knowledge with which to form a belief as to the truth of the allegations contained therein and therefore denies same.

27. As and for its affirmative defenses, Deutsche Bank alleges estoppel. Deutsche Bank further alleges that the endorsement on the original Fixed/Adjustable Rate Note is on the back of page 5. Deutsche Bank further alleges that Plaintiff's Complaint fails to state a claim upon which relief can be granted. Deutsche Bank reserves the right to allege any other affirmative defenses which may be discovered and which may be relevant to this matter.

28. Plaintiff's Complaint arises out of contract and pursuant to A.R.S. § 12-341.01, Deutsche Bank is entitled to an award of attorneys' fees, including post judgment attorneys' fees.

|   |   |
|---|---|
| 1 | WHEREFORE, Deutsche Bank National Trust Company prays that Plaintiff's Complaint be dismissed with prejudice, and that Plaintiff not be awarded any relief, for its costs incurred herein, for its attorneys' fees, pursuant to A.R.S. § 12-341.01, and such other and further relief as the court deems just and proper. |

DATED this 2nd day of September, 2010.

**MCCARTHY ◆ HOLTHUS ◆ LEVINE**

/s/Paul M. Levine
Paul M. Levine
Matthew Silverman
Jessica R, Kenney
8502 E. Ventura Way, Suite #200
Scottsdale, Arizona 85258
Phoenix, Arizona 85012
Attorneys for Defendant Deutsche Bank National
 Trust Company

**ORIGINAL** of the foregoing E-filed with the
Clerk of the Bankruptcy Court on this 2nd
day of September, 2010.

COPY Efiled this 2nd day of September, 2010
to the following:

Joseph W. Charles, P.C.
5704 West Palmaire Avenue
P.O. Box 1737
Glendale, Arizona 85311-1737

By: /s/Joan B. Pyles

AZ10-2073

5